## Marlow *v.* Hamer *et al.*

When the plaintiff elects to demur to a plea which he might have treated as a nullity, a judgment without a disposition of the demurrer will be erroneous; and the error will not be aided by the statute of jeofails.

IN ERROR from the circuit court of Holmes county.

This was an action of *indebitatus assumpsit*, for goods, wares, and merchandise, sold and delivered to a third person, upon the written request of the defendant below.

The defendant pleaded the general issue, and a plea of a statute of limitations for *two* years, instead of three. There was issue joined on the first plea, and a demurrer as to the statute of limitations. There was a verdict, and judgment thereon, for the plaintiffs; but the record did not show any disposition of the demurrer by the court below, which is the error assigned.

Lansdale, for plaintiff in error.

H. W. Brown, for defendant in error.

This is no error, because—

First. The said second plea purports to be a plea of the statute of limitations, and it is evidently bad in substance, and is no answer to the declaration. If issue to the country had been taken upon it, it would present a frivolous and immaterial issue.

The plea alleges that the plaintiff's cause of action did not accrue at any time within *two* years before the commencement of the suit, nor within *one* year after the death of plaintiff's intestate.

The action is that of indebitatus assumpsit, for goods, wares, and merchandise sold and delivered at the request of defendant, and the statute of limitations is no bar to the action, until the ex-

piration of *three* years from the sale and delivery of the articles.
See Hutch. & How. Digest, p. 573, sec. 107; also see sec. 98, p.
570.    The plea is, therefore, frivolous, and such an one as the court
would strike out upon motion, and the defendant can have no ben-
efit from it; and the plaintiff is not bound to notice a plea which
is frivolous, or which is not an answer to the action.    See upon
this point the case of Shropshire *v.* Judge of Probate, 4 Howard's
Reports, 142.

Second.    The plea being clearly bad, and the record silent as to
what disposition was made of the said second plea, and demurrer
thereto, for aught this court know the plaintiffs below may have
withdrawn the demurrer, and treated the plea as a nullity; or the
court below may have ordered the same to be stricken from the
record upon motion *ore tenus,* and the clerk may have neglected
to enter the order.    And as the defendant below did not join in de-
murrer, (as the record shows he did not,) this court, it is believed,
will consider that branch pretended to be set up by said plea was
discontinned or waived.

In the case of Blackmore & Hadley *v.* Negro Phill, 7 Yerger's
Rep. 452, a special demurrer having been filed by defendant to
plaintiff's replication, and the record not showing what disposition
was made of the demurrer, but shows an issue to the country.
Held, that the demurrer will be considered as waived by the
parties.

In the case at bar, there was a demurrer to the second plea, and
no joinder, but an issue taken to the country on the first plea,
and the record is silent as to what disposition was made of the de-
murrer to the second plea.    The entry of the judgment also shows
that issue was joined to the country, and verdict and judgment
for plaintiff.    It is believed that the principle decided in 7 Yerger,
above referred to, will apply here.

In the case of Estis *v.* Rawlings, 5 How. R. 258, the plaintiff in
error plead two pleas: first, payment after due, to which plea there
was a special demurrer, and the cause assigned was that the plea
concluded to the country, instead of a verification.    The second
plea was that of the statute of limitations, and replication and de-
murrer to replication.    The demurrer was overruled, and the de-

fendant had judgment.   One of the errors assigned, (see page 263) was, that the court erred in rendering judgment for defendant without having disposed of the issue joined on the plea of payment; which error was not noticed in the opinion of the court, and but briefly noticed by the counsel for appellees, and the judgment of the court below was affirmed.   From which decision we may fairly presume that the court considered the defence set up by the plea of payment was waived or discontinued.

Third.   The defendant below could have sustained no possible injury by the court not noticing the second plea, and demurrer thereto, because no valid defence could have been set up under it, and the plea being no answer to the cause of action, it was a nullity, and should go for nothing.

Fourth.   The record and judgment show an issue was taken to the country, and a verdict and judgment, and the error assigned is cured by the statute of jeofails.   Hutch. & How. Dig. p. 591, s. 11.

The judgment of the court below should be affirmed, with damages.

Mr. Justice TURNER.

The error relied on by the plaintiff, is, that the court below gave final judgment for the plaintiff below, on the verdict of the jury rendered on the plea of non assumpsit, when there was a demurrer, undisposed of, to a special plea in the cause.

This is clearly erroneous.   Although the plea is not a good one, as seems to be admitted by the counsel, yet the plaintiff, having demurred to it, instead of moving the court to treat it as a nullity, or to strike it from the papers as frivolous, cannot now be permitted to treat it as a nullity or as frivolous.   He might have taken judgment in the court below by default for want of joinder, or have asked the court for its opinion on the plea demurred to.

This is not like the case in 4 Howard, 142.   In that case there had been the action of the court on the plea, and it was treated as a nullity.   Here the plea is answered by the demurrer, and it was the fault of the plaintiff below to demur, when he might have had it stricken from the papers.   Nor is the case in 5 Howard, 258, like the present.

Marlow *v.* Hamer *et al.*

We are also of opinion that this case is not cured by the statute of jeofails. It will not do to allow a party to demur to a plea, and treat his own demurrer as a nullity.

If the record sent up is not right, it might have been amended by sending for one more perfect. This has not been suggested, and we must consider it perfect.

Judgment reversed, and cause remanded for further proceedings in the court below.